# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN SERRANO,<br><br>                Plaintiff,<br><br>vs.<br><br>SECURITY NATIONAL MORTGAGE COMPANY; QUALITY LOAN SERVICES CORPORATION; AURORA LOAN SERVICES; DOES 1 TO 50,<br><br>                Defendant. | CASE NO. 09-CV-1416 H (CAB)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART DEFENDANT AURORA'S MOTION TO DISMISS**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE** |

On July 6, 2009, Defendant Aurora Loan Services filed a motion to dismiss Plaintiff's Complaint and a motion to strike portions of the Complaint. (Doc. Nos. 3, 4.) Under Local Civil Rule 7.1(e)(2), Plaintiff's opposition to the motion to dismiss was due no later than August 3, 2009. Plaintiff has submitted no opposition. The Court concludes that this matter is appropriate for resolution without oral argument and submits Defendant's motion to dismiss on the papers under Local Civil Rule 7.1(d)(1). For the following reasons, the Court grants in part Defendant's motion to dismiss. The Court dismisses Plaintiff's Complaint and grants leave to amend. Plaintiff may file an amended complaint curing the noted deficiencies no later than **September 14, 2009**. The Court denies as moot Defendant's motion to strike.

/ / /

**Background**

Plaintiff Arvin Serrano is the owner of real property located at 712 Baylor Avenue, Bonita, California. (Compl. ¶ 1.) Plaintiff alleges that, on or about October 25, 2006, he executed two notes secured by that property promising to pay Defendant Security National Mortgage the total sum of $575,000. (Compl. ¶¶ 7, 8.) Plaintiff has defaulted on the loans and foreclosure proceedings have been initiated. (Compl. ¶ 47.) The Complaint generally alleges that Defendants did not explain the interest rate to Plaintiff and that they charged improper fees for a sub-prime loan even though Plaintiff qualified for a prime rate mortgage on more favorable terms. (Compl. ¶¶ 10, 11.)

Plaintiff asserts causes of action for violation of the Truth in Lending Act ("TILA"), 15, U.S.C. § 1611 et seq.; violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 et seq.; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; breach of fiduciary duty; breach of covenant of good faith and fair dealing; injunctive relief; and declaratory relief. (Compl.)

Defendant Aurora Loan Services ("Aurora") who has serviced Plaintiff's loans since January 1, 2007. (Compl. ¶¶ 12, 24; Def.'s RJN Ex. 1.) Aurora moves to dismiss Plaintiff's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Discussion**

**I.    Motion to Dismiss – Legal Standard**

Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states

insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

The Supreme Court holds that the factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. Id. at 1966 n.5. The Court has recently reiterated this principle, stating that the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1966). The Court applies this standard to Plaintiff's challenged allegations.

In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The Court may consider additional documents under the "incorporation by reference" doctrine as long as "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**II.     Plaintiff's Claim for Violation of TILA**

Plaintiff's first cause of action alleges that Defendants violated TILA by (1) refusing to "validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees," improperly retaining funds belonging to the Plaintiff, and failing to disclose the status of the ownership of the loans. (Compl. ¶ 16.)

The Complaint fails to cite specific statutory requirements or allege specific conduct of individual Defendants violating these requirements. Plaintiff does not specify what required disclosures Defendants have failed to provide or which Defendants were required to provide them. Plaintiff does not specify which funds have been improperly retained by which

Defendants. Plaintiff does not identify the authority requiring Defendants to disclose the status of the ownership of the loan. As a result, it does not set forth a cognizable legal theory and cannot survive Defendant's motion to dismiss. Robertson, 749 at 534.

Additionally, Defendant argues that, as the loan servicer, it cannot be held liable for any TILA violation under 15 U.S.C. § 1641, which provides for assignee liability but states that a "servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."  15 U.S.C. § 1641(f)(1).  Defendant also argues that Plaintiff's TILA claim is time barred under 15 U.S.C. § 1640, which provides that any action must be brought in a district court within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). This limitations period "runs from the date of consummation of the transaction." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiff alleges that the loans were consummated in October 2006, more than two years before he filed his Complaint. (Compl. ¶¶ 7, 8.) Plaintiff has pled no facts showing that equitable tolling is justified in this case. Accordingly, Plaintiff's Complaint as filed does not "raise [his] right to relief above the speculative level" as to his first cause of action. Twombly, 127 S. Ct. at 1965. The Court dismisses Plaintiff's first cause of action against all Defendants without prejudice.

Further, the Court notes that Plaintiff seeks rescission of the loans under TILA but has not alleged tender of the amount due. (Compl. ¶ 17.) Under California and Federal Law, Courts may require a Plaintiff to tender or show an ability to tender before rendering judgment and granting rescission. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming dismissal based on mortgagors' admission they could not fulfill TILA's tender requirement, holding that courts may "impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations."); Cal Civ. Code § 1693 (In granting rescission, "the court may make a tender or restoration a condition of its judgment.") The Court concludes that such a requirement is warranted in this case. If Plaintiff continues to seek rescission under TILA, he must tender the owed amount or provide

1 proof of his ability to tender.

### III. Plaintiff's Claim for Violation of RESPA

Plaintiff's second cause of action alleges that Defendants violated RESPA by placing loans "for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (Compl. ¶ 23.) This allegation is unsupported by any additional facts, and thus fails to state a claim. Plaintiff does not allege facts showing the conduct of any individual Defendant, and does not specify which statutory provisions have been violated. As written, this allegation consists of "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1966). Additionally, this allegation, relating to the origination of the loan, may be time barred under RESPA, which provides for a one year statute of limitations for cases brought under Sections 2607 and 2608. 12 U.S.C. § 2614.

Plaintiff next alleges that Defendants violated 12 U.S.C. § 2605(b) by transferring or hypothecating the loan servicing duties without the required notice. (Compl. ¶ 24.) Section 2605 provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b). Plaintiff fails to allege when the servicing duties were transferred and which Defendants are liable for failing to provide notice. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1964-65 (quotation omitted). Moreover, Defendant Aurora has submitted a copy of the required notice of transfer sent to Plaintiff on December 8, 2006. (Def.'s RJN Ex. 1.) Under these circumstances, Plaintiff has failed to show show "plausible liability" sufficient to avoid dismissal. Twombly, 127 S. Ct. at 1966 n.5. The Court dismisses Plaintiff's second cause of action against all Defendants without prejudice.

### IV. Plaintiff's Claim for Violation HOEPA

Plaintiff's third cause of action alleges that Defendants violated HOEPA by placing and administering the loan without regard for Plaintiff's income or cash flow and with the intention

1 of inducing a default. (Compl. ¶ 30.) Plaintiff fails to allege conduct by individual Defendants creating liability under a specific statutory provision. Without "further factual enhancement," this allegation alleges insufficient facts to show any individual Defendant is liable under HOEPA. Iqbal, 129 S. Ct. at 1949.

Further, Plaintiff has not alleged facts sufficient to show that the loans in question are governed by HOEPA. The statute provides that "[a] mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan . . . ." 15 U.S.C. § 1602(aa)(1). A "residential mortgage transaction" is "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, Defendant states that the loans in question fall under this exception, and Plaintiff has not alleged that the loans were for some purpose besides financing the purchase of his home.

Accordingly, Plaintiff's third case of action fails to raise his right to relief above a speculative level. The Court dismisses Plaintiff's third cause of action without prejudice as to all Defendants. Twombly, 127 S. Ct. at 1965.

### V.   Plaintiff's Claim for Violation of the FDCPA

Plaintiff's fourth cause of action alleges that all Defendants are debt collectors under the FDCPA and that Defendants have violated the FDCPA by failing to validate the debt in response to Plaintiff's requests. (Compl. ¶¶ 34-36.) However, Plaintiff fails to specifically allege when it made such requests, in what form, and to which Defendants. While Plaintiff cites 15 U.S.C. § 1692, that section imposes no duty on debt collectors and creates no cause of action. Plaintiff's fourth cause of action is insufficient to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

///

1    Defendant Aurora further argues that it is not a "debt collector" under the FDCPA. The
2 statute defines "debt collector" as "any person who uses any instrumentality of interstate
3 commerce or the mails in any business the principal purpose of which is the collection of any
4 debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due
5 or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA does not apply
6 to creditors unless they obtained the loan when it was already in default. 15 U.S.C. § 1692a(4,
7 6) ("[T]he term [debt collector] does not include (A) any officer or employee of a creditor
8 while, in the name of the creditor, collecting debts for such creditor."). Plaintiff has not shown
9 why Defendant Aurora is not exempted from liability under this statutory language.

10   Accordingly, Plaintiff's fourth cause of action fails to show  show "plausible liability"
11 sufficient to avoid dismissal. Twombly, 127 S. Ct. at 1966 n.5. The Court dismisses
12 Plaintiff's fourth cause of action against all Defendants without prejudice.

13 **VI.    Plaintiff's Claim for Breach of Fiduciary Duty**

14   Plaintiff's fifth cause of action alleges that all Defendants acted in a fiduciary
15 relationship with Plaintiff and breached their fiduciary duty by acting for their own benefit and
16 to Plaintiff's detriment. (Compl. ¶¶ 39-41.) Plaintiff supports this claim by alleging only that
17 Defendants "may have placed and negotiated loans without due care to the best interests of
18 Plaintiff." (Compl. ¶ 42.)

19   To state a claim for breach of fiduciary duty, "a plaintiff must demonstrate the existence
20 of a fiduciary relationship, breach of that duty and damages." Shopoff & Cavallo LLP v.
21 Hyon, 85 Cal. Rptr.3d 268, 285 (Cal. Ct. App. 2008). As a matter of law, the relationship
22 between a lending institution and its borrower-client is not fiduciary in nature. Nymark v.
23 Heart Fed. Savings & Loan Assn., 221 Cal. App.3d 1089, 1093 n.1 (1991); see also Oaks
24 Mgmt. Corp. v. Superior Court, 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006) ("[A]bsent
25 special circumstances not present here a loan transaction is at arms-length and there is no
26 fiduciary relationship between the borrower and lender."). Here, Plaintiff's relationships with
27 Defendants derived from a typical contractual loan and the Complaint makes no showing that
28 this is an exceptional case justifying a deviation from the established rule.

1    Even if Plaintiff had shown the existence of a fiduciary relationship between himself
2  and Defendant Aurora, he has not alleged sufficient facts concerning the conduct of individual
3  Defendants to give them "fair notice of what the plaintiff's claim is and the grounds upon
4  which it rests." Conley, 355 U.S. at 47.  Accordingly, the Court dismisses Plaintiff's fifth
5  cause of action against all Defendants without prejudice.

6  **VII.    Plaintiff's Claim for Breach of Covenant of Good Faith and Fair Dealing**

7    Plaintiff's sixth cause of action alleges that Defendants breached the covenant of good
8  faith and fair dealing between themselves and the Plaintiff by commencing foreclosure
9  proceedings without producing documents demonstrating their right to foreclose. (Compl. ¶
10 47.)

11   Under California law, the existence of a contractual relationship is a legal and factual
12 predicate of a claim for breach of implied covenant of good faith and fair dealing. Villa v.
13 McFerren, 41 Cal. Rptr. 2d 719, 749 (Cal. Ct. App. 1995).  Here, Plaintiff does not allege the
14 existence or nature of any contractual relationship between himself and Defendant Aurora. As
15 a result, his Complaint fails to plead sufficient facts under this theory.

16   Moreover, Plaintiff bases this claim solely on the allegation that Defendants initiated
17 foreclosure without first providing proof of their right to do so.  Plaintiff has cited no legal
18 authority compelling Defendants to provide such confirmation.  The California statute
19 governing non-judicial foreclosure is codified in the California Civil Code at § 2924 et seq.
20 This statute establishes an exhaustive statutory framework governing non-judicial foreclosure
21 sales and covers every aspect of exercise of the power of sale contained in a deed of trust.
22 Moeller v. Lien, 30 Cal. Rptr.2d 777 (Cal. Ct. App. 1994); I. E. Assocs. v. Safeco Title Ins.
23 Co., 29 Cal. Rptr.438 (Cal. 1985).  The statute does not require the entity initiating the
24 foreclosure sale to provide evidence to the borrower or a court establishing its right to do so.,
25 nor does it require that entity to have possession of the note.  Because there is no evidence
26 suggesting that Defendants do not have the right to foreclose on the Property, Plaintiffs'
27 allegation is purely speculative.  Under Twombly, this allegation cannot survive a motion to
28 dismiss. 127 S. Ct. at 1965.  Accordingly, the Court dismisses without prejudice Plaintiff's

sixth cause of action against all Defendants.

## VIII. Plaintiff's Claims Requesting Injunctive and Declaratory Relief

Plaintiff's seventh and eighth causes of action request injunctive relief and declaratory relief. However, injunctive relief and declaratory relief are remedies, not causes of action in and of themselves. Accordingly, they depend on the existence of some substantive basis of liability. Because the Court dismisses Plaintiff's other causes of action, these requests lack such a basis.

Accordingly, the Court dismisses Plaintiff's seventh and eighth causes of action without prejudice.

## IX. Defendant's Motion to Strike

Along with Defendant's motion to dismiss, it has filed a motion to strike two paragraphs of Plaintiff's Complaint. (Doc. No. 3.) Paragraph 44 of the Complaint alleges that "Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages." Paragraph 2 of the Prayer requests "punitive damages in the amount in excess of [$25,000]." Defendant argues that "[t]here is no factual or legal support for these requests and they should be stricken from the Complaint." (Mot. to Strike at 3.) Because the Court has dismissed Plaintiff's Complaint and granted leave to amend, the Court denies as moot Defendant's motion to strike.

### Conclusion

Accordingly, the Court dismisses Plaintiff's Complaint and grants leave to amend. Plaintiff may file an amended complaint curing the noted deficiencies no later than **September 14, 2009**. The Court denies as moot Defendant's motion to strike.

IT IS SO ORDERED.

DATED: August 14, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT